**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-40654
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELI NAAMAN SOSA, In Custody,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(C-95-CR-54)

June 4, 1996

Before POLITZ, Chief Judge, GARWOOD and STEWART, Circuit Judges.

POLITZ, Chief Judge:[*]

Eli Naaman Sosa appeals his sentence for possession with intent to distribute cocaine,

21 U.S.C. § 841(a)(1) and (b)(1)(A).  For the reasons assigned we affirm.

Background

On February 9, 1995 Sosa drove a tractor trailer rig into the United States Border

Patrol checkpoint at Falfurrias, Texas.  As Border Patrol Agent Richard Rigsby approached

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the vehicle he smelled a strong odor, like a disinfectant, emanating from the truck. When questioned by Rigsby, Sosa advised that the truck was owned by his employer and that he had been driving it exclusively for approximately one year. During the exchange Sosa seemed uneasy, constantly moving about, and speaking loudly and rapidly.

Sosa consented to a search of the truck and it was moved to the secondary inspection area. Rigsby and another agent began their inspection, first examining the cab and sleeper area where they found none of Sosa's personal belongings, a curious finding in light of his claim of long, continual use of the rig. The inspection continued into the trailer which was loaded with boxes of limes and watermelons. The tops on several of the boxes of limes were crushed, as if someone had walked across them, and some of the limes were rotting, causing the pungent, odd odor they had smelled earlier. The agents noted that the pallets holding the boxes of watermelons were uneven despite the fact that each contained the same type and number of boxes. A drug dog was called into service.

The trained canine alerted on a pallet of watermelons. The agents examined the boxes on this pallet and discovered cellophane-wrapped bundles containing cocaine. The search ultimately disclosed 619 kilograms of cocaine worth approximately $48,000,000.

Sosa was arrested and given **Miranda** warnings. Ultimately he was indicted for possession with intent to distribute cocaine. After unsuccessfully seeking suppression of the cocaine, Sosa entered a plea of guilty, under an oral plea agreement, and was sentenced to 210 months imprisonment. The court rejected Sosa's contentions that: (1) he was entitled to a reduction in his offense level because he was a minor participant; (2) a point should not have been added to his criminal history score based on a prior conviction for which he was sentenced to probation; and (3) two criminal history points should not have been added on the grounds that he committed the instant offense while on probation. Sosa timely appealed.

2

<u>Analysis</u>

Sosa contends the district court erred by refusing to decrease his total offense level by two points because he was a minor participant.[1] We review for clear error.[2] Sosa has the burden to prove, by a preponderance of the evidence, that he is less culpable than most other participants even though his role may not be described as minimal.[3] The district court did not err in its determination that Sosa was not a minor participant. Despite his assertions to the contrary, the record before us reflects that Sosa was the sole participant in the charged offense.[4]

Sosa maintains that the district court further erred by adding a criminal history point for a previous conviction for which he was sentenced to probation. Sosa claims that probation is not a "prior sentence" for purposes of USSG § 4A1.1(c), which provides for the addition of one criminal history point for each prior sentence not counted in subsection (a) or (b).[5] A "prior sentence" is any sentence previously imposed after an adjudication of guilt, whether by a guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense.[6]

The guidelines specifically speak to, and foreclose, Sosa's contention. Application note two states that "[a] sentence of probation is to be treated as a sentence under § 4A1.1(c)

---

[1]United States Sentencing Commission, <u>Guidelines Manual</u>, § 3B1.2(b) (Nov. 1994).

[2]**United States v. Zuniga**, 18 F.3d 1254 (5th Cir.), <u>cert</u>. <u>denied</u>, 115 S.Ct. 214 (1994).

[3]**United States v. Brown**, 54 F.3d 234 (5th Cir. 1995).

[4]<u>See</u> **United States v. Buenrostro**, 868 F.2d 135 (5th Cir. 1989), <u>cert</u>. <u>denied</u>, 495 U.S. 923 (1990).

[5]USSG § 4A1.1(c).

[6]**Id.** at § 4A1.2(a)(1).

3

unless a condition of probation requiring imprisonment of at least sixty days was imposed."[7] No imprisonment was ordered as a condition of the probation at issue. This assignment of error lacks merit.

Similarly, Sosa maintains that the district court improperly added two criminal history points under section 4A1.1(d) because of its finding that the instant offense was committed while he was on probation. He contends that probation is not a "criminal justice sentence." We are not persuaded. Two criminal history points are to be added if the instant offense was committed while Sosa was "under any criminal justice sentence, including probation . . . ."[8] That is the situation in the case at bar.

The sentence appealed is AFFIRMED.

---

[7]**Id.** at § 4A1.2, comment. (n.2).

[8]**Id.** at § 4A1.1(d); **id.** at § 4A1.1(d), comment. (n.4) (emphasis added).